## Enoch H. Raymond
### v.
## Miranda M. Raymond.

Divorce—Alimony—Allowance of solicitor's fees.—After a careful review of all the circumstances of the case and in consideration of the pecuniary ability of appellant and of the disposition of the property and the liberal allowance made heretofore (12 Bradwell, 172) for appellee, the court is of opinion that only $125 should have been allowed appellee for defraying solicitor's fees and costs and expenses in this court on the former appeal. The portion of the order allowing appellee $250 for such expenses is therefore reversed and the cause remanded with instructions to the court below to enter a decree in favor of appellee for $125 instead. That portion of the order allowing $10 per month for maintenance is affirmed.

Appeal from the Circuit Court of La Salle county; the Hon. George W. Stipp, Judge, presiding. Opinion filed July 27, 1883.

Mr. W. Bushnell and Mr. Thos. C. Fullerton, for appellant; that the allowance for solicitor's fees in case of divorce must be reasonable having in view the wealth and social standing of the parties, cited Blake v. Blake, 80 Ill. 525; Andrews v. Andrews, 69 Ill. 610; Goodwillie v. Millimann, 56 Ill. 528; 2 Bishop on Marriage and Divorce, § 419; Armstrong v. Armstrong, 35 Ill. 109; Foss v. Foss, 100 Ill. 576; Mussing v. Mussing, 104 Ill. 127; Becker v. Becker, 79 Ill. 533.

Mr. D. B. Snow and Messrs. Mayo & Widmer, for appellee; cited R. S. Ch. 40, § 15; Petrie v. The People, 40 Ill. 341; Blake v. Blake, 80 Ill 525.

Raymond v. Raymond.

LACEY, P. J.   This is an appeal from an order of the circuit court by appellant who was respondent in the suit. The original proceeding was a suit for divorce and decree against appellant on the grounds of adultery.   The appellant appealed from the decree to this court and especially objected to the allowance of alimony, and the cause was heard here at the December term, 1882, and by order of the court the decree for alimony was modified, see Raymond v. Raymond, reported in 12 Bradwell, 172.   The court below upon motion by appellee for further alimony pending the appeal for the purpose of defraying costs and expenses in this court and for solicitor's fees and for maintenance in the meantime, ordered appellant to pay appellee two hundred and fifty dollars for solicitor's fees and expenses and ten dollars per month from July 6, 1882, till the determination of that appeal.

After a careful review of all the circumstances of the case and in consideration of the pecuniary ability of appellant and of the disposition of the property and the liberal allowance that has been made for appellee heretofore, we have arrived at the conclusion that no more than $125 should have been allowed her for defraying solicitor's fees and costs and expenses in this court on the former appeal.   If the expenses were greater than the amount, she should pay them out of her own allowance.

We therefore reverse that portion of the order appealed from allowing appellee the sum of $250 for expenses and solicitor's fees and remand the cause with instructions to the court below to enter a decree in favor of appellee of $125 instead, and that portion of the order allowing $10 per month for maintenance is affirmed.

The costs of this court we order to be equally divided between the appellant and appellee.

Decree reversed and modified in part, and remanded with directions.